# NO. 12-18-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FERNANDO VILLEGAS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Fernando Villegas appeals his conviction for burglary of a habitation.  Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.


### BACKGROUND

Appellant was indicted for burglary of a habitation.[1]  The punishment range was enhanced to that of a first-degree felony due to a previous final juvenile adjudication for a felony level offense resulting in placement at the Texas Juvenile Justice Department.[2]  Appellant entered a plea of "guilty" in exchange for a negotiated agreement as to punishment.  In accordance with the plea agreement, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for ten years.  On October 30, 2017, the State filed a motion to adjudicate Appellant's guilt, alleging that he violated the terms of his community supervision in that he possessed and consumed cocaine and methamphetamine, failed to report to his community

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a) (West Supp. 2018).

[2] *See* TEX. PENAL CODE ANN. §12.42(b), (f) (West Supp. 2018).

supervision officer, and failed to pay for urinalysis testing and supervision fees. After a hearing, the trial court denied the motion, but amended the terms of Appellant's community supervision, requiring him to complete an inpatient drug treatment program. On February 23, 2018, the State filed a second motion to adjudicate Appellant's guilt, alleging that he was discharged from the program because he failed to participate in the drug or alcohol abuse continuum of care treatment plan. Appellant pleaded "not true" to the allegation. After a hearing, the trial court adjudicated Appellant's guilt, found him guilty of the underlying offense, revoked his community supervision, and sentenced him to fifty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's appellate counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect. In compliance with *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with counsel that the appeal is wholly frivolous. Accordingly, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment. Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00073-CR**

**FERNANDO VILLEGAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1428-14)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*